Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| REVERSE MORTGAGE FUNDING LLC<br>Recurrida<br><br>v.<br><br>BIENVENIDA QUIÑONES CONCEPCIÓN y OTROS<br>Peticionarios | KLCE202301398 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso Núm. HU2019CV00532<br><br>Sobre: Ejecución de Hipoteca |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2024.

Comparece la señora Bienvenida Quiñones Concepción y Otros (señora Quiñones Concepción, o peticionaria, cuando aludamos a esta en singular, o los peticionarios, al referirnos al conjunto de estos), mediante recurso de *certiorari,* solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI), el 26 de septiembre de 2023.[1] Mediante el referido dictamen, el foro primario declaró *No ha lugar* una petición de relevo de sentencia instada por la señora Quiñones Concepción.

---
[1] Notificada el 28 de septiembre de 2023.

NÚMERO IDENTIFICADOR

SEN2024_____

Sostiene la peticionaria que Reverse Mortgage Funding LLC., (RMF o recurrida), no le notificó adecuadamente una enmienda a demanda, por lo que el TPI nunca adquirió jurisdicción sobre su persona.

## I. Resumen del tracto procesal

El 18 de abril de 2019, RMF presentó una *Demanda* sobre ejecución de hipoteca contra la señora Quiñones Concepción y el señor Juan Francisco Rosado Maestre, t/c/c Juan Francisco Rosado Mestre t/c/c, Juan Rosado Mestre (señor Rosado Mestre). Alegó que los peticionarios eran deudores de una hipoteca constituida en garantía de un pagaré. Aseveró que, el 24 de diciembre de 2011, en consideración a un préstamo hipotecario revertido (*reverse mortgage*), garantizado por la Administración Federal de Vivienda, los peticionarios suscribieron un pagaré hipotecario a favor de First Security Mortgage, Inc., o a su orden, mediante el cual se les concedió un préstamo con un principal de $180,000.00, e interés anual de 5.060%. En garantía de dicho préstamo, los peticionarios otorgaron la escritura número 220 ante el notario Héctor L. Torres Vila, mediante la cual se constituyó hipoteca sobre el inmueble que se describe a continuación:

> RÚSTICA: PARCELA DE TERRENO MARCADA CON EL NÚMERO 63-A DE LA COMUNIDAD RURAL DENOMINADA PEPITA LÓPEZ, SITUADA EN EL BARRIO CATAÑO, MUNICIPIO DE HUMACAO, PUERTO RICO, CON UNA CABIDA SUPERFICIAL DE 682.76 METROS CUADRADOS, EN LINDES POR EL NORTE CON CAMINO CATAÑO, POR EL SUR, CON CAMINO CATAÑO, POR EL ESTE, CON PARCELA NÚMERO 66 Y POR EL OESTE, CON PARCELA 63-B, ENCLAVA CASA.

RMF sostuvo que era tenedora de buena fe del referido pagaré hipotecario, objeto de petición de ejecución, y la persona con derecho a exigir su cumplimiento. Adujo que los peticionarios habían incumplido con los términos y condiciones de la hipoteca, por lo cual, declaró la deuda vencida. A este momento, alegó que los peticionarios adeudaban la suma principal de $94,768.67, más intereses por $22,678.20, los

cuales continuaban acumulándose a razón de 5.060%, hasta realizarse el pago en su totalidad, más $18,000.00 en concepto de gastos, costas y honorarios de abogados. Por lo descrito, RMF solicitó que el TPI determinara que los peticionarios le adeudaban las sumas señaladas, ordenara la ejecución y venta en pública subasta del bien inmueble garantizado hipotecariamente, hasta la cantidad en que dicha propiedad respondiera.

Luego, el 26 de junio de 2019, RMF presentó una *Moción sometiendo emplazamientos y en solicitud de autorización para emplazar por edicto.* Argumentó que, a pesar de haber realizado múltiples diligencias para emplazar a los peticionarios, le había resultado imposible el emplazamiento personal con copia de la demanda. Para sustentar lo afirmado, esta parte acompañó a su moción una *Declaración Jurada* del emplazador, el señor Jesús Ruiz Vázquez, de dónde presuntamente surgían las diligencias realizadas por este para lograr el emplazamiento personal de los peticionarios, sin que lo pudiera lograr. En consecuencia, solicitó que al TPI que autorizara emplazar mediante edicto.

De conformidad, el 15 de julio de 2019,[2] el TPI ordenó que el emplazamiento se hiciera por edicto.

Sin embargo, el 20 de septiembre de 2019, RMF presentó una *Mo[c]ión solicitando autorización para enmendar la demanda,* al haber advenido en conocimiento de que uno de los codemandados, el señor Rosado Mestre, falleció. Entonces, la solicitud para enmendar la *Demanda* fue los fines de incluir como demandados a la sucesión del señor Rosado Mestre. Junto a ello, incluyó emplazamientos dirigidos a: *Fulano de Tal, Fulana de tal,* Estados Unidos de América, Centro de

---

[2] Notificada el 16 de julio de 2019. *Véase* la entrada número 8 del expediente digital del caso que obra en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Recaudación de Ingresos Municipales, la señora Quiñones Concepción por sí y en la cuota viudal de la sucesión del señor Rosado Mestre.

En consonancia, junto a la solicitud para que se le permitiera enmendar la demanda, el mismo día RMF presentó propiamente la *Demanda Enmendada.* Según ya mencionado, adujo que, por información y creencia, fue informado del fallecimiento del señor Rosado Mestre, por lo cual solicitó que fuera incluida la sucesión de este como parte demandada. Asimismo, RMF interpeló judicialmente a los herederos del señor Rosado Mestre para que aceptaran o repudiaran la herencia del causante.

A los pocos días, el 1 de octubre de 2019, RMF presentó una *Moción al Expediente Judicial,* afirmando que la señora Quiñones Concepción, el señor Rosado Mestre, y la sociedad legal de bienes gananciales compuesta por ambos, fueron debidamente emplazados mediante edicto, según publicado en el periódico *El Nuevo Día,* el día 8 de agosto de 2019.

Al día siguiente,[3] el TPI declaró con lugar la *Moción solicitando autorización para enmendar la demanda.*

A renglón seguido, el 3 de diciembre de 2019, RMF presentó *Moción sometiendo emplazamiento y solicitando emplazamiento por edicto.* La recurrida sostuvo que el 11 de octubre de 2019, lo co-demandados, el CRIM y Estados Unidos de América, fueron emplazados personalmente, según constaba en los Certificados de Diligenciamiento que incluyó como anejo. Además, sostuvo que, según constaba en la declaración jurada de su emplazador, (anejada junto a esta moción), a pesar de este haber realizado múltiples diligencias para emplazar a *Fulano de tal* y *Fulana de tal* como posibles herederos desconocidos con interés en la sucesión del señor Rosado Mestre, había sido imposible. Que, por ser la acción de

---

[3] Notificada el 3 de octubre de 2019. *Véase* Apéndice XV del recurso de *certiorari,* pág. 49.

epígrafe una *in rem,* y RMF desconocer de la identidad de los herederos, solicitaba la autorización para emplazar por edicto a *Fulano de tal* y *Fulana de tal* como posibles herederos desconocidos con interés en la sucesión del señor Rosado Mestre. De igual forma, solicitó que el TPI ordenara a los herederos a aceptar o repudiar la herencia.

Ante dicha solicitud, el 12 de diciembre de 2019,[4] el foro primario autorizó a RMF a que emplazara por edictos a *Fulano de tal* y *Fulana de tal* como posibles herederos desconocidos con interés en la sucesión del señor Rosado Mestre. También, el mismo foro ordenó a que la señora Quiñones Concepción, *Fulano de tal* y *Fulana de tal,* como posibles herederos desconocidos, notificaran en un plazo de treinta días si aceptaban o repudiaban la herencia del señor Rosado Mestre.

El 10 de abril de 2020, RMF presentó una *Moción al Expediente Judicial,* en la que afirmó que los co-demandados, *Fulano de tal* y *Fulana de tal*, fueron debidamente emplazados mediante edicto publicado en el periódico *El Nuevo Día,* el 14 de febrero de 2020.

Después, el 23 de julio de 2020, RMF presentó una *Moción en Solicitud de Sentencia en Rebeldía,* sosteniendo que, a pesar de los peticionarios haber sido debidamente emplazados, había transcurrido el término para presentar contestación a la *Demanda* sin que lo hicieran. En consecuencia, arguyó que: se debían dar por admitidas las alegaciones contenidas en la *Demanda;* correspondía anotarles la rebeldía y; se declare *ha lugar* la *Demanda*, ordenando la ejecución de la hipoteca por la vía ordinaria.

Según solicitado, el 27 de julio de 2020,[5] el TPI emitió *Orden* anotando la rebeldía.

---

[4] Notificada el 6 de febrero de 2020. *Véase* la entrada número 29 del expediente digital del caso que obra en SUMAC.
[5] Notificada el 28 de julio d 2020.

Pasados unos meses, el 20 de octubre de 2020,[6] el foro recurrido emitió *Sentencia en Rebeldía.* Mediante su dictamen el TPI dispuso que los peticionarios le adeudaban a RMF las siguientes sumas: *Unpaid Principal Balance*: $94,768.67; *Accrued Interest*: $24,258.06; *Total Unpaid Principal Balance*: $119,026.73*; Accrued MIP*: $5,992.63; *Inspections:* $240.00; *Attorney Fees:* $1,160.00 para un total de $126,419.36. También la suma estipulada de $18,000.00 para gastos, costas y honorarios de abogado. De igual forma determinó que, ante la eventualidad de que los peticionarios no hicieran el pago de las sumas adeudadas a la recurrida dentro del término establecido por ley, ordenaría a que efectuara la venta en pública subasta de la propiedad hipotecada para aplicar el importe de la venta al saldo de la deuda.

El 28 de diciembre de 2020,[7] RMF presentó una *Moción Solicitando Ejecución de Sentencia.* En lo pertinente, señaló que la notificación de la *Sentencia en Rebeldía* había sido publicada el 27 de octubre de 2020 en el periódico *El Nuevo Día*, según constaba en la declaración jurada de la señora Elisa Llanos Rodríguez, representante del periódico. De igual forma, afirmó que dicha *Sentencia* fue notificada a los peticionarios, mediante correo certificado, el 28 de octubre de 2020. Esgrimió que los peticionarios no habían satisfecho total o parcialmente el importe de la referida *Sentencia*, y el término para apelarla había transcurrido, sin que fuera presentado algún recurso en su contra, por lo que había advenido en final, firme y ejecutable. A tales efectos, solicitó que se expidiera la orden y el mandamiento dirigido al señor alguacil, para que dispusiera la ejecución de la *Sentencia* mediante la venta en pública subasta del inmueble gravado por la hipoteca objeto de la causa de acción y así recuperar la suma adeudada.

---

[6] Notificada el 21 de octubre de 2020.

[7] *Véase* la entrada número 45 del expediente digital del caso que obra en SUMAC.

Sin embargo, el 29 de diciembre de 2020, el TPI emitió una *Orden* declarando *No Ha Lugar* la *Moción Solicitando Ejecución de Sentencia.*[8]

Inconforme, el 22 de enero de 2021, RMF presentó una *Moción de Reconsideración,* que el TPI declaró *Ha lugar* el 26 de enero de 2021.

En consonancia, el 29 de enero de 2021,[9] el TPI emitió *Orden sobre ejecución de Sentencia y venta de bienes.* Por lo cual, dicho foro ordenó que fuera expedido el correspondiente mandamiento, dirigido al Alguacil, para que se procediera a la ejecución de la sentencia dictada, vendiendo en pública subasta el inmueble. Indicó que el importe de la sentencia no había sido satisfecho total o parcialmente por los peticionarios, por lo que, habiendo transcurrido en exceso el término para solicitar su apelación o revisión, la *Sentencia* había tornado en final, firme y ejecutable.

Luego de varios trámites procesales, el 12 de agosto de 2022, el TPI emitió una *Orden de Confirmación de Adjudicación o Venta Judicial.* En esta *Orden* el TPI llamó la atención al hecho de que la subasta fue celebrada el 14 de julio de 2022, y adjudicada la propiedad a RMF por la suma de $127,000.00 en pago por el monto adeudado, o en abono al mismo. Además, el foro primario confirmó el procedimiento de ejecución de hipoteca realizado, declarando que fueron cumplidas las formalidades requeridas en el trámite judicial.

El 22 de agosto de 2022, el TPI ordenó que se cancelaran los gravámenes inscritos y o presentados con posterioridad a la hipoteca objeto de ejecución.

Luego, el 8 de septiembre de 2022,[10] el tribunal *a quo* emitió *Orden de Lanzamiento.*

---

[8] *Véase* la entrada número 46 del expediente digital del caso que obra en SUMAC.
[9] Notificada el 2 de febrero de 2021.
[10] Notificada el 9 de septiembre de 2022.

Fue entonces que, el 7 de noviembre de 2022, la señora Haydee Rosa Quiñones (señora Rosa Quiñones) presentó una *Moción urgente asumiendo representación legal; solicitando paralice y deje sin efecto lanzamiento; Solicitud de Desestimación; Incumplimiento con la Regla 51.7*[11]. Esta solicitó que se declararan nulos todos los procedimientos posteriores al 19 de enero de 2020, pues el término de 120 días para diligenciar y notificar la *Demanda,* según establecido por la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c), fue incumplido. Argumentó que, el 6 de febrero de 2020, cuando el TPI ordenó el emplazamiento por edictos, ya dicho foro se encontraba sin jurisdicción para autorizarlo, por lo que correspondía desestimar la *Demanda* por falta de jurisdicción. Añadió como segundo argumento, que no se llevó a cabo la venta judicial conforme a derecho, pues RMF había presentado evidencia solamente de una publicación de edictos del *Aviso de Subasta,* en violación a la Regla 51.7 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.7.

Por ello, el 10 de noviembre de 2022, el TPI emitió una *Orden* autorizando la representación legal de la señora Rosa Quiñones y, concediéndole a RMF un término de veinte días para expresar su posición con relación al planteamiento jurisdiccional presentado.

El 5 de diciembre de 2022, RMF presentó *Moción en Oposición a Desestimación y Otros.* En síntesis, acentuó que cuando el emplazamiento por edicto es solicitado dentro del término de 120 días, y el Tribunal lo autoriza, entonces comienza a transcurrir un término nuevo de 120 días para emplazar por edicto, una vez el emplazamiento es expedido por el Tribunal. Por tanto, en este caso debía considerarse que la *Demanda* fue presentada el 18 de abril de 2019, y, expedidos los

---

[11] En la primera nota al calce de esta moción se manifiesta que Rosa Quiñones es hija de los codemandados y miembro de la sucesión de Juan Francisco Rosado Mestre, denominada Fulana de Tal en la demanda. Apéndice 3ero del recurso de *certiorari,* pág. 3.

emplazamientos el 29 de abril de 2019, luego se solicitó la autorización para emplazar por edictos, el 26 de junio de 2019. Es decir, que la solicitud para emplazar por edicto ocurrió dentro del término de 120 días inicial para emplazar, por lo que fue oportuna. Por tanto, cuanto el TPI autorizó a RMF a emplazar por edicto, comenzó un nuevo término de 120 días para llevar a cabo tal acción, y así se hizo.

En cuanto al presunto incumplimiento con la Regla 51.7 de Procedimiento Civil que le imputó la señora Rosa Quiñones, la recurrida alegó que por error sólo presentó la evidencia de una de las publicaciones del *Aviso de Subasta,* por lo que acompañó junto a la *Moción en Oposición a Desestimación y Otros,* una declaración jurada de la señora Milagros Meléndez Martínez, representante del periódico, certificando la publicación del edicto los días 16 y 24 de junio de 2022.[12]

Sopesadas las posturas de las partes, el 24 de julio de 2023,[13] el TPI emitió *Resolución* declarando *No ha lugar* la *Moción solicitando se paralice y deje sin efecto el lanzamiento; solicitud de desestimación; incumplimiento con la Regla 51.7.*

Insatisfecha, el 7 de agosto de 2023, la señora Rosa Quiñones presentó *Moción de Reconsideración,* que resultó denegada el 8 de agosto de 2023[14].

Pasado un mes, el 7 de septiembre de 2023, la señora Rosa Quiñones presentó otra petición, que tituló *Moción solicitando relevo de sentencia; Desestimación por falta de jurisdicción; Solicitud que se deje sin efecto subasta y lanzamiento por incumplimiento con la Regla 4.6 e interpelación.* **Arguyó en esta ocasión que la señora Quiñones Concepción no había sido notificada de la *Demanda Enmendada* de**

---

[12] *Véase* el anejo de la entrada número 82 del expediente digital del caso que obra en SUMAC.
[13] Notificada el 26 de julio de 2023.
[14] Notificada el 9 de agosto de 2023.

**la misma forma en que fue emplazada, a saber, mediante edicto**. Asimismo, afirmó que esta tampoco había sido interpelada.

A raíz de ello, el 7 de septiembre de 2023,[15] el TPI emitió una *Orden* disponiendo lo siguiente: *Se toma conocimiento. Parte demandante, exprese posición en un término de veinte (20) días.[16]*

El 26 de septiembre de 2023, RMF presentó *Moción en Oposición a relevo de Sentencia.* En primer lugar, arguyó que la señora Rosa Quiñones estaba cuestionando el emplazamiento e interpelación de otra parte, su madre, la señora Quiñones Concepción, por lo cual, no tenía legitimación activa para los remedios que solicitaba. En cuanto al argumento sobre el emplazamiento de la señora Quiñones Concepción, RMF esgrimió que como esta fue emplazada mediante edicto, **lo que correspondía era dirigirle una copia del emplazamiento y de la demanda presentada por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo al lugar de su última dirección conocida**, conforme lo establece la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. II, R. 4.6. En concordancia, **aseveró haber cumplido con la referida notificación, es decir, que la señora Quiñones Concepción fue notificada de la *Demanda enmendada*.**

Sobre la alegada falta de interpelación a la señora Quiñones Concepción, RMF sostuvo que, al notificar el emplazamiento, se incluyó copia de la *Demanda Enmendada* y esta contenía el lenguaje requerido para interpelar a los herederos.

Por último, RMF manifestó que la solicitud de relevo de sentencia era tardía, fallando la señora Rosa Quiñones en demostrar alguna de las excepciones al término de seis meses dispuesto en la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. II, R. 49.2, para ello.

---

[15] Notificada el 8 de septiembre de 2023.
[16] Apéndice 30 del recurso de *certiorari*, pág. 88.

Habiendo ponderado la posición de las partes, el 26 de septiembre de 2023, el TPI emitió *Resolución* declarando *No Ha Lugar* la *Moción de Relevo de Sentencia* instada por la señora Rosa *Quiñones.*

No obstante, el 13 de octubre de 2023, compareció la señora Rosa Quiñones, junto a la señora Quiñones Concepción, presentando en conjunto *Moción asumiendo representación legal; Solicitando de Reconsideración; Relevo de Sentencia; Desestimación por falta de jurisdicción; Solicitud que se deje sin efecto subasta y lanzamiento por incumplimiento con la regla 4.6 e interpelación.* Manifestaron que entendían que la determinación del TPI al declarar *No ha lugar* la petición de relevo de sentencia, se debía a un cuestionamiento sobre legitimación activa, que la señora Rosa Quiñones había presentado argumentos relacionados a otra parte, la señora Quiñones Concepción, no sobre su persona. Como respuesta, mediante la presente moción fue incorporada como peticionaria a la señora Quiñones Concepción. Ello así, **solicitaron que el Tribunal determinara que la recurrida incumplió con la notificación de la *Demanda Enmendada* a la señora Quiñones Concepción**, (no se le notificó), y tampoco medió la interpelación requerida por ley. Peticionaron como remedio que el TPI declarara la nulidad de los procedimientos post sentencia.

El 18 de octubre de 2023, el foro primario emitió una *Orden* concediéndole término de veinte días a RMF para que expresara su posición **en cuanto a la alegada falta de notificación de la Demanda enmendada** a la señora Quiñones Concepción, **conforme a la Regla 4.6 de Procedimiento Civil**.

Como secuela, el 9 de noviembre de 2023, RMF presentó *Moción en torno a orden y reiterando oposición a desestimación.* Sobre el único asunto puntual que el TPI le ordenó que se expresara, -la alegada falta de notificación de la *Demanda enmendada* a la señora Quiñones

Concepción-, este aseveró que la Regla 4.6 aludida no requiere que la demanda enmendada fuera notificada mediante edicto. Entonces arguyó que *no era correcto alegar que el pleito adolece de nulidad por no emplazar por segunda vez a Bienvenida Quiñones por edicto cuando ya había sido emplazada y notificada correctamente y conforme a derecho[17]*. Sostuvo, además, **que la señora Quiñones Concepción fue notificada de la *Demanda Enmendada* por correo certificado**, conforme a la Regla 4.6 de Procedimiento Civil, y que no tenía que ser emplazada nuevamente por edictos. A pesar de esta última alegación por RMF, **no proveyó evidencia documental alguna sobre la presunta notificación de la demanda enmendada a la señora Quiñones Concepción**.

Finalmente, el 9 de noviembre de 2023,[18] el TPI emitió la *Resolución* cuya revocación nos solicitan los peticionarios, en lo pertinente, declarando *No Ha Lugar* la petición de relevo de sentencia. En esta *Resolución* el foro recurrido no hizo mención del tema sobre el cual ordenó a RMF expresarse, si medió o no la debida notificación de la demanda enmendada a la señora Quiñones Concepción.

En desacuerdo, los peticionarios recurren ante nosotros mediante recurso de *certiorari*, señalando la comisión de los siguientes errores:

> PRIMER ERROR: Erró el Tribunal de Primera Instancia al determinar mediante Resolución que tenía jurisdicción sobre la codemandada, BIENVENIDA QUIÑONES CONCEPCIÓN, a pesar de que la parte recurrida incumplió con lo dispuesto en la Regla 4.6 de Procedimiento Civil, aplicable al caso, en clara violación a dichos preceptos.

> SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al determinar mediante Resolución que la parte recurrida fue interpelada, a pesar de existir una clara violación al Art. 959 del Código Civil y por tanto procedía dejar sin efecto la Sentencia y todos los procedimientos posteriores.

---

[17] Apéndice 33 del recurso de *certiorari*, pág. 99.
[18] Notificada el 10 de noviembre de 2023.

El 29 de enero de 2024, RMF presentó *Alegato de la recurrida*. Contando con la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable.

## II. Exposición de Derecho

### A. El emplazamiento

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado de la existencia de una reclamación instada en su contra y se le requiere que comparezca para que formule alegación responsiva. Es mediante el debido diligenciamiento del emplazamiento que el tribunal adquiere jurisdicción sobre la persona para resolver un asunto. *Cancel Rivera v. González Ruiz*, 200 DPR 319, 330 (2018); *Torres Zayas v. Montano Gómez*, 199 DPR 458, 467 (2017); *Global v. Salaam*, 164 DPR 474, 480 (2005). En consonancia, no es hasta que se diligencie el emplazamiento que se adquiere jurisdicción, y la persona puede ser considerada propiamente parte, pues, aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., Lexis Nexis, 2010, pág. 220. *Torres Zayas v. Montano Gómez, supra; Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015).

Los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R.4. **La inobservancia de dichos requisitos priva al tribunal de su jurisdicción sobre la persona del demandado**. (Énfasis provisto). *Torres Zayas v. Montano, supra*, en la pág. 467; *Datiz Vélez v. Hospital Episcopal*, 163 DPR 10, 15 (2004). Por tanto, tales requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de

ley. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 645 (2018); *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000).

Como norma general, expedido el emplazamiento, debe ser diligenciado juntamente con la demanda personalmente, ya sea mediante su entrega física a la parte demandada, o haciéndola accesible en su inmediata presencia. Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R.4.4. No obstante, cuando la entrega personal no puede efectuarse porque la persona a ser emplazada está fuera de Puerto Rico o, entre otros, estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, las Reglas 4.3 (4) y 4.6 de Procedimiento Civil, por excepción, establecen como alternativa el emplazamiento por edicto. Reglas 4.3 (4) y 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (4) y 4.6. Para que el tribunal ordene el emplazamiento mediante edicto, el demandado instará una moción acompañada por una declaración jurada, conocida como el afidávit de méritos, acreditando a satisfacción del tribunal las diligencias realizadas para emplazar personalmente al demandado o que se manifiesta uno de los casos provistos por la Regla 4.6 de Procedimiento Civil de 2009, *supra*. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 269.

En estos casos, la orden del tribunal dispondrá lo siguiente: que la publicación del edicto se haga una sola vez en un periódico de circulación general de Puerto Rico; que dentro de los diez días siguientes a la publicación del edicto se le dirija por correo certificado con acuse de recibo copia del emplazamiento y de la demanda a la parte demandada al lugar de su última dirección física o postal conocida. Regla 4.6 de Procedimiento Civil, *supra*.

Por su parte, el inciso (b) de la Regla 4.6 de Procedimiento Civil, *supra,* establece que el edicto deberá contener la siguiente información:

1) Título- Emplazamiento por Edicto
2) Sala del Tribunal de Primera Instancia
3) Número del caso
4) Nombre de la parte demandante
5) Nombre de la parte demandada a emplazarse
6) Naturaleza del pleito
7) Nombre, dirección y número de teléfono del abogado o abogada        de la parte demandante
8) Nombre de la persona que expidió el edicto
9) Fecha de expedición
10) Término dentro del cual la persona así emplazada deberá contestar la demanda, según se dispone en la Regla 10.1 de este apéndice, y la advertencia a los efectos de que si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle. El edicto identificará con letra negrilla tamaño diez (10) puntos toda primera mención de persona natural o jurídica que se mencione en éste. *Íd. Si la **demanda es enmendada** en cualquier fecha **anterior a la de la comparecencia de la parte demandada emplazada mediante edictos,** dicha demanda enmendada **se le notificará de la forma dispuesta por la regla de emplazamiento aplicable al caso**.*

(Énfasis provisto).

### B.      La Regla 49.2 de Procedimiento Civil

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. II, R. 49.2, establece el mecanismo procesal que se tiene disponible para solicitar al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos. *García Colón v. Sucn. González,* 178 DPR 527 (2010). De aquí que, para que proceda una moción al amparo de la Regla 49.2 de Procedimiento Civil de 2009, *supra,* es obligatorio que se aduzca alguna de las siguientes razones: (1) error, inadvertencia, sorpresa o negligencia excusable; (2) descubrimiento de evidencia esencial; (3) fraude; (4) nulidad de sentencia; (5) que la sentencia fue satisfecha o revocada; o (6) cualquier otra razón que justifique dejarla sin efecto. (Subrayado provisto). *Íd.*

Relevar a una parte de los efectos de una sentencia es una decisión discrecional, **salvo en los casos de nulidad** o cuando la sentencia ha sido satisfecha. (Énfasis provisto). *García Colón v. Sucn. González, supra; Rivera v. Algarín*, 159 DPR 482, 490 (2003); *Garriga Gordils v. Maldonado*, 109 DPR 817, 823- 824 (1980). Para conceder un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. *Olmeda Nazario v. Jiménez*, 123 DPR 294, 299 (1989); *Dávila v. Hosp. San Miguel, Inc., supra.*

Este mecanismo tiene un rol dual: adelantar el interés de que los casos se resuelvan en sus méritos, haciéndose justicia sustancial, y, por otra parte, otorgarle finalidad a los pleitos. *López García v. López García*, 200 DPR 50 (2018).[19] No es una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración. *García Colón v. Sucn. González, supra; Olmeda Nazario v. Sueiro,* supra. Es decir, el precepto no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación. *Íd.*

De otra parte, también se ha dicho que esta disposición legal **aplica sólo en aquellas raras instancias en que existe un error jurisdiccional o una violación al debido proceso de ley que privó a una parte de la notificación o de la oportunidad de ser oída**. (Énfasis provisto). *Íd.*

Dispone la regla que la moción de relevo de sentencia deberá presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden. En *Rosario v. ELA*, 122 DPR 554 (1988), el Tribunal Supremo aclaró, y así lo ha sostenido, que los seis (6) meses a los que

---

[19] Citando a *García Colón v. Sucn. González, supra*, a la pág. 540; *Municipio de Coamo v. Tribunal Superior*, 99 DPR 932, 936-937 (1971).

hace alusión la regla son de treinta días, por tanto, la moción no podrá exceder los ciento ochenta (180) días del registro de la sentencia; este término es jurisdiccional y no podrá adjudicarse una moción solicitando relevo transcurrido dicho plazo, **excepto en los casos donde el relevo de sentencia se solicite por causa de su nulidad**. (Énfasis provisto). *García v. Sucn. González*, supra; *Piazza Vélez v. Isla del Río*, 158 DPR 440, 449 (2003), *Pagán v. Alcalde Mun. Cataño*, 143 DPR 314, 327 (1997), *Bco. Santander PR v. Fajardo Farm Corp.*, 141 DPR 237, 243 (1996).

Por otro lado, el inciso (4) de la Regla 49.2 bajo discusión, otorga al Tribunal la facultad de relevar a una parte de los efectos de una sentencia cuando se determine su nulidad. Una sentencia es nula cuando se ha dictado sin jurisdicción, o cuando al dictarla se ha quebrantado el debido proceso de ley. *García v. Sucn. González*, supra; *Figueroa v. Banco de San Juan*, 108 DPR 680 (1979). Bajo este fundamento o hay margen de discreción, como sí los hay bajo los otros fundamentos de la Regla 49.2, supra, si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la controversia o la reclamación del perjudicado. *Íd.*

**III. Aplicación del Derecho a los hechos**

**a.**

Según ha quedado visto, los peticionarios esgrimen dos señalamientos de error: (1) la presunta falta de notificación de la *Demanda enmendada* a la señora Quiñones Concepción y; (2) la ausencia de interpelación.

Con relación al segundo de estos señalamientos de error, la presunta falta de interpelación por parte de RMF a los peticionarios, trata de un asunto sustantivo de derecho que debió plantearse a través del recurso de reconsideración o apelación, sin cabida en algunas de las

causas previstas en la Regla 49.2 de Procedimiento Civil, supra, que justificarían el relevo de la sentencia. Además, este señalamiento de error no supone o plantea una de las excepciones al término de seis meses para presentar una solicitud de relevo de sentencia[20].

Sin embargo, de tener razón los peticionarios en su primer señalamiento de error, este sí podría dar lugar al relevo de la sentencia, por plantear una posible causa de nulidad de la *Sentencia.*

Sobre lo anterior, los peticionarios fundamentaron su solicitud de relevo de sentencia ante el TPI en la afirmación de que RMF no le notificó la *Demanda enmendada* a la señora Quiñones Concepción. A partir de esto, concluyen que el TPI nunca adquirió jurisdicción sobre la señora Quiñones Concepción, incumpliéndose así el proceso de notificación de la *Demanda Enmendada* que se exige en la Regla 4.6 de Procedimiento Civil, *supra.*

Con mayor especificidad los peticionarios aclaran que la señora Quiñones Concepción sí fue notificada **de la *Demanda* original**, mediante edicto del 8 de agosto de 2019. Sin embargo, sostienen que **cuando el 20 de septiembre de 2019 RMF enmendó la *Demanda,* no se la notificó a la señora Quiñones Concepción, quien todavía no había comparecido al pleito**. De esta forma, los peticionarios afirman que la recurrida no cumplió con el requisito de publicar un nuevo edicto notificándole a la señora Quiñones Concepción la *Demanda Enmendada,* y tampoco se le notificó mediante correo certificado.

Respecto a esto, RMF sostiene que el foro primario sí adquirió jurisdicción sobre la persona de la señora Quiñones Concepción desde el 8 de agosto de 2019, fecha en que se publicó el edicto, y le fue notificado por correo certificado con acuse de recibo, acompañado de la *Demanda*

---

[20] Claro, como se verá, una de las implicaciones que tiene determinar si la señora Quiñones Concepción fue debidamente notificada de la *Demanda enmendada,* es que fue en esta donde se incluyó el lenguaje relativo a la interpelación, no en la *Demanda* original.

original. En cuanto a la presunta falta de notificación adecuada de la *Demanda Enmendada,* la recurrida arguye que, conforme a la Regla 4.6 de Procedimiento Civil, *supra,* no se debía emplazar nuevamente a la señora Quiñones Concepción, sino que únicamente se le debía notificar de la misma por medio de correo certificado. Cónsono con esta última afirmación, **RMF asevera haberle notificado la *Demanda Enmendada* a la señora Quiñones Concepción por correo certificado**.

**b.**

Según puntualizamos en la exposición de derecho, el artículo 4.6(10) de Procedimiento Civil, *supra,* dispone que, si se enmienda la demanda antes que la parte demandada emplazada mediante edictos comparezca al pleito, dicha demanda enmendada se le **notificará** de la forma **dispuesta por la regla de emplazamiento aplicable al caso**. La referida regla de emplazamiento por edicto establece que la notificación se hará, enviándole *una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, [...] al lugar de la última dirección física o postal conocida. Íd.* Es decir, se requiere que cuando se enmiende la demanda, sin que la parte demandada haya comparecido al pleito y haya sido emplazada mediante edictos, se le notifique la misma mediante correo certificado u otra forma de correspondencia con acuse de recibo.

Entonces, aplicando lo señalado al asunto ante nuestra atención, no hay duda de que RMF emplazó a la señora Quiñones Concepción mediante edictos, y luego enmendó la *Demanda,* (a los fines de añadir a los posibles herederos del señor Rosado Mestre, y de interpelar a la sucesión), pero antes de que esta compareciera al pleito. Por tanto, en virtud del claro mandato de la Regla 4.6(10) de Procedimiento Civil,

supra, **le correspondía a RFM notificar a la señora Quiñones Concepción de la demanda enmendada, mediante correo certificado**.

Sin embargo, a pesar de que RFM aduce y reitera haber notificado la *Demanda enmendada* a la señora Quiñones Concepción, mediante correo certificado, **no** incluyó en su *Alegato de la recurrida* prueba documental alguna que sirviera para sostener tal presunta notificación. Sobre lo mismo, notamos que, no obstante el TPI haberle requerido expresamente a RFM que se manifestara sobre la presunta falta de notificación de la *Demanda enmendada* a la señora Quiñones Concepción, mediante *Orden* de 18 de octubre de 2023, en su *Moción en torno a orden y reiterando oposición a desestimación*, de 9 de noviembre de 2023, **dicha parte tampoco pudo presentar prueba sobre la alegada notificación de la *Demanda enmendada***. Además, habiendo examinado este Foro intermedio el expediente digital del caso, a través de SUMAC, no damos con la evidencia que sirva para sostener la alegada notificación de la *Demanda enmendada* a la señora Quiñones Concepción.

En definitiva, al menos del expediente ante nosotros, solo contamos con la mera alegación de RFM en la que afirma haber notificado mediante correo certificado a la señora Quiñones Concepción de la *Demanda Enmendada,* sin prueba documental alguna que la sostenga. La mera alegación sobre un asunto de tan vital importancia no resulta suficiente en derecho. La determinación sobre la debida notificación de la *Demanda Enmendada* a la señora Quiñones Concepción incide sobre la jurisdicción de su persona, *ergo,* la ausencia de debida notificación supondría una causa de nulidad de sentencia esgrimible al amparo de la Regla 49.2 de Procedimiento Civil, *supra.* Según advertimos, en los casos donde el relevo de sentencia se solicite por causa de su nulidad, no aplica el término de seis al que están sujetos

los demás factores que dicha regla identifica para solicitar el relevo de la sentencia. *García v. Sucn. González,* supra; *Piazza Vélez v. Isla del Río,* supra.

Por causa de las serias consecuencias que tiene lo explicado en el párrafo que precede, se debe tener certeza sobre si RFM notificó o no a la señora Quiñones Concepción de la *Demanda Enmendada,* mediante correo certificado. Ante lo cual, determinamos revocar la *Resolución* recurrida a los fines de ordenar que el foro primario celebre una vista para que resuelva si se le notificó o no la *Demanda Enmendada* a la señora Quiñones Concepción, mediante correo certificado. Claro está, una vez dilucidado ese solo asunto, el foro primario estará en verdadera posición de determinar el rumbo procesal a seguir.

## IV. Parte dispositiva

Por los fundamentos expuestos, revocamos la determinación recurrida. En consecuencia, ordenamos la devolución del caso al TPI para que paute la celebración de una vista evidenciaria, a los fines de precisar si RMF notificó la *Demanda Enmendada* a la señora Quiñones Concepción conforme a derecho, según lo aquí explicado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones